UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:

Liberty Environmental Services, LLC,   Case No. 04-59015
                                        Chapter 11
                    Debtor.             Hon. Phillip J. Shefferly
_____/

**ORDER DENYING EMERGENCY MOTION TO REOPEN CASE
AND FOR ANCILLARY RELIEF**

On July 6, 2004, the Debtor filed a Chapter 11 petition. On January 7, 2005, the Court entered an order confirming the Debtor's plan of reorganization. On March 3, 2006, the bankruptcy case was closed. On May 5, 2006, K&B Capital, LLC ("K&B Capital") and Robert Kattula ("Kattula") filed an "Emergency Motion to Reopen Case and for Ancillary Relief." On May 19, 2006, L. Gayle Vasseur and Janet M. Vasseur ("Vasseurs") filed a response. On May 24, 2006, First Kentucky Bank ("FKB") filed a response. On June 8, 2006, the Debtor filed a response. On June 9, 2006, the Court held a hearing with respect to the emergency motion and the responses to it.

In addition to reviewing the emergency motion and responses, the Court reviewed the Court file including the combined disclosure statement and plan of reorganization filed by the Debtor on October 14, 2004 (docket entry #108) and the order approving the Debtor's disclosure statement and confirming the Debtor's plan of reorganization entered by this Court on January 7, 2005 (docket entry #156). Finally, the Court reviewed the audio recordings of the hearings held in this Court with respect to the Debtor's combined disclosure statement and plan of reorganization on December 17, 2004 and January 7, 2005. Based upon its review of these items, and for the reasons set forth on the record in open court on June 9,

2006, the Court finds:

1. The Debtor, Presidential Financial Corp., FKB and the Vasseurs entered into a settlement of all objections to the Debtor's plan of reorganization after it was filed on October 14, 2004.

2. The terms of the settlement among the Debtor, Presidential Financial Corp., FKB, the Vasseurs, the Vasseur Entities, K&B Capital and Kattula were described on the record in open court at hearings held before this Court on December 17, 2004 and January 7, 2005.

3. The settlement included a stipulation that the Marshall Circuit Court for the Commonwealth of Kentucky shall have "exclusive jurisdiction" with respect to any and all assets ("Assets") alleged to have been transferred by Vasseur Industrial Services, Inc., Vasseur Electric, Inc. and/or Vasseur Maintenance and Construction, Inc. (collectively, "Vasseur Entities") and/or by the Vasseurs to K&B Capital and/or Kattula, including but not limited to determination of ownership, claims, rights or other interests of such parties in the Assets.

4. The settlement among the Debtor, Presidential Financial Corp., FKB, the Vasseurs, the Vasseur Entities, K&B Capital and Kattula was memorialized in and made part of a consent confirmation order that was drafted by such parties for submission to the Court for entry and was entered by this Court on January 7, 2005.

5. The order confirming the Debtor's plan of reorganization in pertinent part specifically provided as follows in paragraph 10:

> Any asset alleged to have been transferred by the Vasseur Debtors and Gayle and Janet Vasseur to K&B, LLC, shall be subject to the exclusive jurisdiction of the Marshall Circuit Court, Commonwealth of Kentucky.

6. Paragraph 10 of the order confirming the Debtor's plan of reorganization approved the agreement of the parties to such order that exclusive jurisdiction over the Assets shall be in the Marshall Circuit Court provided, however, that if the Marshall Circuit Court determined that the Assets are owned by the Debtor in this Chapter 11 case, then this Court would retain jurisdiction to determine the allowance of any secured claims in this Chapter 11 case under § 506 of the Bankruptcy Code.

7. The settlement among the Debtor, Presidential Financial Corp., FKB, the Vasseurs, the Vasseur Entities, K&B Capital and Kattula, as memorialized in the order confirming the Debtor's plan of reorganization, was broadly drafted by such parties in a manner that includes within its scope an agreement that the Marshall Circuit Court shall have exclusive jurisdiction of all issues arising among such parties relating to the determination of ownership, claims, rights, interests and disposition of the Assets.

8. Consistent with the agreement of the parties placed on the record in open court on December 17, 2004, as embodied in this Court's January 7, 2005 consent order confirming the Debtor's plan of reorganization, the Marshall Circuit Court continues to retain exclusive jurisdiction over the Assets, including the resolution of all issues among the parties to the consent confirmation order pertaining to the ownership and disposition of the Assets.

9. The actions of the parties taken in proceedings before the Marshall Circuit Court as described in the emergency motion and at the hearing held in this Court on June 9, 2006, including but not limited to their various requests to have the Marshall Circuit Court conduct and/or approve a sale of the Assets, are not violative of either the letter or the spirit of § 1141 of the Bankruptcy Code, the Debtor's plan of reorganization, or the order confirming the Debtor's plan of reorganization that this Court entered on January 7, 2005 based upon the agreement of all parties to such order.

10. Because the parties to the consent order of January 7, 2005 agreed that the Marshall Circuit Court shall have exclusive jurisdiction over the Assets, including the ownership and disposition over the Assets, with the only exception being this Court's retained jurisdiction to determine the allowance of secured claims in this bankruptcy estate under § 506 of the Bankruptcy Code, the Court concludes that the emergency motion lacks merit.

Accordingly, based upon these findings and for the reasons set forth on the record in open court on June 9, 2006,

IT IS HEREBY ORDERED that the emergency motion to reopen this Chapter 11 case and for ancillary relief is denied.

**Entered: June 13, 2006**

                                             **/s/ Phillip J. Shefferly**
                                               **Phillip J. Shefferly**
                                               **United States Bankruptcy Judge**